IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RODGER L. CLARK           )
                          )
        Plaintiff,        )
                          )
    v.                    ) Civil Action No. 06-1103
                          )
MICHAEL J. ASTRUE,        )
COMMISSIONER OF           )
SOCIAL SECURITY,          )
                          )
        Defendant.        )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 24th day of March, 2008, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 13) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 11) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by

those findings, even if it would have decided the factual inquiry differently. Farqnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending applications for benefits on August 19, 2003, alleging a disability onset date of July 25, 2002, due to left shoulder and neck pain, vertigo/post-concussion syndrome, carpal tunnel syndrome, various learning disorders and anxiety. Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a hearing on September 27, 2004, at which plaintiff, represented by counsel, appeared and testified. On December 9, 2004, the ALJ issued a decision finding that plaintiff is not disabled. On June 30, 2006, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 51 years old at the time of the ALJ's decision and is classified as a person closely approaching advanced age under the regulations. 20 C.F.R. §§404.1563(d) and 416.963(d). Plaintiff has a high school equivalent education. He has past relevant work experience as a truck driver, school bus driver, farm laborer, assistant manager of a gas station/convenience store and machine shop laborer, but has not engaged in any substantial gainful activity since his alleged onset date.

For Title II purposes, the ALJ found that plaintiff met the

disability insured status requirements of the Act on his alleged onset date and continued to meet them through December 31, 2006. After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of myofascial pain syndrome of the neck and impingement syndrome/degenerative joint disease of the left shoulder, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ further found that plaintiff retains the residual functional capacity to perform a significant range of light work but with certain restrictions recognizing the limiting effects of his impairments. (R. 21). Taking into account those limiting effects, a vocational expert identified numerous categories of jobs which plaintiff can perform based upon his age, education, work experience and residual functional capacity, including flagger, hostess/usher and guard/inside evening door checker. Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period

of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability[1]. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises three challenges to the ALJ's findings. Specifically, plaintiff contends that: (1) the ALJ failed to accord controlling weight to the opinion of plaintiff's treating physician; (2) the ALJ's finding that plaintiff retains the residual functional capacity for light work is not supported

---

[1] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920. See also Newell, 347 F.3d at 545-46.

by substantial evidence; and, (3) the ALJ erred in assessing plaintiff's credibility. Upon review, the court finds that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

Plaintiff first challenges the ALJ's evaluation of the medical evidence. Specifically, plaintiff contends that the ALJ failed to accord controlling weight to the opinion of his treating physician, Dr. Baldinucci, that plaintiff is "permanently disabled," (R. 175), and "unable or incapable of performing even the most sedentary type of work". (R. 237-38). Upon review of the record, the court is satisfied that the ALJ properly evaluated all of the medical evidence under the appropriate standards.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §§404.1527(d)(2) and 416.1527(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §§404.1527(d) and 416.1527(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and adequately explained his assessment of that evidence. (R. 18-19). In particular, he specifically addressed Dr. Baldinucci's opinion that plaintiff is disabled and unable to perform even sedentary work, but concluded that this opinion was inconsistent with the totality of the evidence, including the objective findings of record, plaintiff's self-reported activities of daily living and his lack of significant ongoing medical treatment, as well as the assessment of the state agency reviewing physician.[2] (R. 19).

The court finds no error in the ALJ's evaluation of Dr. Baldinucci's opinion. First, Dr. Baldinucci's initial determination that plaintiff is "permanently disabled" was rendered on a state welfare employability form. However, the Commissioner is to make disability determinations based on social security law and therefore an opinion from a treating source that an individual is permanently disabled based on state welfare rules is not binding on the issue of disability under different social security regulations. See 20 C.F.R. §§404.1504 and 416.904.

In addition, under the regulations the opinion of a

---

[2] Pursuant to the regulations, state agency reviewing physicians are "highly qualified physicians . . . who are also experts in Social Security disability evaluation." 20 C.F.R. §§404.1527(f)(2)(i) and 416.927(f)(2)(i). Accordingly, while not bound by findings made by reviewing physicians, the ALJ is to consider those findings as opinion evidence, and is to evaluate them under the same standards as all other medical opinion evidence. 20 C.F.R. §§404.1527(f)(2)(ii) and 416.927(f)(2)(ii); SSR 96-6p.

physician, treating or otherwise, on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §§404.1527(e) and 416.927(e); SSR 96-5p. Here, based upon his review of the <u>entire</u> record, the ALJ concluded that plaintiff's impairments, while severe, do not preclude him from performing <u>any</u> substantial gainful activity. Thus, the ALJ did not err in not accepting Dr. Baldinucci's opinion that plaintiff was permanently disabled and incapable of performing even sedentary work.

Finally, as explained by the ALJ, Dr. Baldinucci's opinion is not supported by the medical evidence. The clinical and objective medical findings aptly are summarized by the ALJ in his decision and need not be reiterated here. (R. 16-18). Thus, because Dr. Baldinucci's opinion is not supported by the objective medical evidence and is inconsistent with other substantial evidence in the record, the ALJ did not err in not giving that opinion controlling, or even significant, weight. 20 C.F.R. §§404.1527(d) and 416.927(d); SSR 96-2p.

The ALJ thoroughly addressed all of the medical evidence in his opinion and more than adequately explained his reasons for the weight he accorded to the respective opinions. Upon review of the record, the court is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Plaintiff next argues that the ALJ's residual functional capacity finding that plaintiff retains the ability to perform

less than the full range of light work[3] is not supported by substantial evidence and is inconsistent with the limitations noted by Dr. Baldinucci and Dr. Davoli, the consultative examiner. Again, the court disagrees.

At step 5 of the sequential evaluation process, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with his medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(f) and 416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a) and 416.945(a); Fargnoli, 247 F.3d at 40.

Here, the ALJ's residual functional capacity finding is supported by the medical evidence and is consistent with plaintiff's testimony as to his daily activities and self-reported limitations. In rendering his residual functional capacity finding, the ALJ adequately considered all of the relevant medical evidence, including that from Drs. Baldinucci and Davoli, and incorporated into his finding only those limitations that reasonably could be supported by the medical evidence. The court is satisfied that the ALJ's residual functional capacity finding

---

[3] The ALJ found that plaintiff has the residual functional capacity for light work except for work requiring lifting and carrying objects weighing more than 20 pounds, any use of the left upper extremity, or the use of the left lower extremity for foot pedals. (R. 21).

AO 72
(Rev 8/82)

is supported by substantial evidence.

Finally, the court also is satisfied that the ALJ properly evaluated plaintiff's subjective complaints of pain and limitations in accordance with the regulations.[4] In assessing plaintiff's credibility, the ALJ considered plaintiff's subjective complaints, but <u>also</u> considered those complaints in light of the medical evidence, plaintiff's treatment history and all of the other evidence of record. (R. 17-18). In doing so, the ALJ found that plaintiff's allegations of totally disabling limitations and pain were not fully credible and were inconsistent with the totality of the evidence. (R. 21). The ALJ thoroughly explained his credibility finding in his decision and that finding is supported by substantial evidence.

Moreover, while it is true, as plaintiff now asserts, that sporadic and transitory activities cannot be used to show an ability to engage in substantial gainful activity, <u>see</u> <u>Fargnoli</u>, 247 F.3d at 40, n.5, the ALJ did not do so here. Instead, in determining plaintiff's residual functional capacity, the ALJ properly considered plaintiff's allegations in light of his activities of daily living, as well as his treatment history and the absence of clinical and objective findings supporting

---

[4] Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §§404.1529(c) and 416.929(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. <u>Schaudeck v. Commissioner of Social Security</u>, 181 F.3d 429, 433 (3d Cir. 1999); <u>see also</u> SSR 96-7p.

AO 72
(Rev 8/82)

plaintiff's allegations of totally debilitating symptoms.

In making his credibility finding the ALJ adhered to the standards set forth in 20 C.F.R. §§404.1529(c) and 416.929(c) and SSR 96-7p and adequately explained the basis for his credibility determination in his decision. (R. 17-18). The court is satisfied that the ALJ's credibility determination is supported by substantial evidence in the record.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc: Barbara J. Artuso, Esq.
    Quatrini, Rafferty & Galloway
    550 East Pittsburgh Street
    Greensburg, PA 15601

    Paul Kovac
    Assistant U.S. Attorney
    U.S. Post Office & Courthouse
    700 Grant Street, Suite 4000
    Pittsburgh, PA 15219

AO 72
(Rev 8/82)